

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 0 4 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| JOI WATTS, | ) ) ) ) | **TCB** |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) ) ) | 1:11·CV-1450 FILE NO. _____ |
| JOHN DOE and/or GEORGE REED, JPMORGAN CHASE BANK, and EBAY INC., | ) ) ) ) ) | |
| Defendants. | ) | |

### COMPLAINT FOR DAMAGES AND FOR TEMPORARY AND PERMANENT RESTRAINING ORDER

COMES NOW, PLAINTIFF JOI WATTS, by and through counsel, and brings action against DEFENDANTS, JOHN DOE and/or GEORGE REED, an individual, JPMORGAN CHASE BANK a corporation, and EBAY INC., a corporation pursuant to O.C.G.A. § 13-4-20, O.C.G.A. § 51-6-1, O.C.G.A. § 51-6-2, O.C.G.A. § 15-12-5.1, and O.C.G.A. § 13-6-11. In support of this action, Plaintiff respectfully shows the court the following:

## **PARTIES**

1.

The Plaintiff is subject to the jurisdiction of this court by filing the above styled action.

2.

At all times pertinent to this Complaint, Defendant John Doe and/or George Reed, upon information and belief, has been a resident of the State of Ohio and, upon information and belief, can be served according to law at 4052 Dialton Road, Springfield, Clark County, Ohio 45502. However, Plaintiff shows that Defendant George Reed may be a fictitious name.

3.

At all times pertinent to this Complaint, Defendant JPMORGAN CHASE BANK, is a New York corporation qualified to do business in the State of Georgia. It may be served by serving its registered agent, CT Corporation System, by second original at 1201 Peachtree Street, NE, Atlanta, Fulton County, Georgia 30361

4.

At all times pertinent to this complaint Defendant, EBAY INC., is a California corporation qualified to do business in the State of Georgia. It

may be served by serving its Chief Executive Officer, Margaret Whitman, by second original at 2145 Hamilton Avenue, San Jose, Santa Clara County, California 95125.

## JURISDICTION/VENUE

5.

Jurisdiction is proper in this court.

6.

Venue is proper in this court.

## FACTS

7.

On or about March 31, 2011 Plaintiff contracted through Defendant EBAY INC., to purchase a 2007 Lexus GS350 automobile from Defendant GEORGE REED and/or JOHN DOE.

8.

On or about March 31, 2011 Defendant, EBAY INC., sent Plaintiff an email stating "Congratulations, the vehicle is yours!", and further directed Plaintiff to "pay now to get your vehicle as soon as possible." Specifically, Defendant EBAY INC., instructed Plaintiff to send the sum of $10,150.00, representing the sale price of $10,000.00 and shipping and handling fee of $150.00, by wire transfer to Defendant's EBAY INC., trust account and to

"make payment to our trust account" which is maintained and controlled by Defendant JPMORGAN CHASE BANK.

9.

Plaintiff was further informed by Defendant EBAY INC., that "eBay Motors Vehicle Protection program provides protection against certain losses associated with some types of fraud" and that Plaintiff was "enrolled in the program when you (Plaintiff) complete the purchase of this vehicle."

10.

Pursuant to the instructions received directly from Defendant EBAY INC., Plaintiff initiated two wire transfers on April 1, 2011, each in the amount of $5,075.00, to Defendant JPMORGAN CHASE BANK from her personal bank account along with two wire transfer fees totaling the sum of $50.00.

11.

As of the date of filing of this Complaint, Plaintiff has not received the 2007 Lexus GS350 automobile that she contracted to purchase, nor has she received reimbursement of the funds that she expended in reliance upon the contract.

12.

Plaintiff further shows that since the beginning of April, she has demanded directly to Defendant JPMORGAN CHASE BANK, that her $10,200.00 sum be immediately returned to her, but each of her efforts have proven unsuccessful.

13.

Upon information and belief, Defendant JPMORGAN CHASE BANK is currently in possession of the funds at issue.

## CAUSE OF ACTION

## COUNT I

## BREACH OF CONTRACT

### Against all Defendants

14.

The allegations contained in paragraphs 1-16 are reasserted and adopted by reference as if fully set forth herein.

15.

Defendants' willful and intentional actions in failing to produce the 2007 Lexus GS350 automobile for which Plaintiff specifically contracted to purchase constitutes a breach of contract between the parties.

16.

The Defendants' failure to perform is unconscionable, and has allowed the Defendants to receive the benefit of the bargain, while leaving the Plaintiff with unreasonable damages.

17.

Plaintiff has suffered damages due to Defendants' failure to perform, which caused damages in an amount to be proven at trial, but not less than $25,000.00 and the Defendants should be held jointly and severally liable for said sum.

18.

The Plaintiff has been injured and damaged as a result of the Defendants' joint and several breach of contract by the above named Defendants.

## COUNT II

### UNJUST ENRICHMENT

**Against Defendants John Doe and/or George Reed and JPMorgan Chase Bank**

19.

The allegations contained in Paragraphs 1-18 are reasserted and adopted by reference as if fully set forth herin.

20.

Plaintiff's actions in transferring the sum of $10,150.00 to Defendants John Doe and/or George Reed and JPMorgan Chase Bank conferred a benefit upon said Defendants for which equity requires said Defendants to compensate Plaintiff for said benefit.

## COUNT III

### FRAUD/MISREPRESENTATION

**Against all Defendants**

21.

The allegations contained in Paragraphs 1-20 are reasserted and adopted by reference as if fully set forth herein.

22.

The Defendants' actions in falsely representing the existence of the 2007 Lexus GS350 automobile to induce her to pay monetary sums to Defendants constitutes an act of fraud and misrepresentation.

23.

The Defendants' acts of fraud and misrepresentation has caused Plaintiff to suffer damages in an amount to be proven at trial, but not less than $25,000.00 and the Defendants should be held jointly and severally liable for said sum.

## COUNT IV

## PUNITIVE DAMAGES

### Against all Defendants

24.

The allegations contained in paragraphs 1-23 are reasserted and adopted by reference as if fully set forth herein.

25.

The acts of the Defendants towards the Plaintiff show willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to the consequences of their actions or lack thereof so as to authorize an award of punitive damages under O.C.G.A. § 15-12-5.1 against the Defendants, jointly and severally in an amount to be proven at trial but not less than $100,000.00.

## COUNT V

## ATTORNEY FEES

### Against all Defendants

26.

The allegations contained in Paragraphs 1-25 are reasserted and adopted by reference as if fully set forth herein.

27.

The Plaintiff was forced to hire an attorney and has incurred legal expenses as a result of Defendants' actions.

28.

The Defendants have acted in bad faith, have been stubbornly litigious and have caused the Plaintiff unnecessary trouble and expenses so as to entitle HER to the recovery of attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11.

## COUNT VI

### TEMPORARY AND PERMANENT RESTRAINING ORDER

29.

The allegations contained in Paragraphs 1-28 are reasserted and

adopted by reference as if fully set forth herein.

30.

Plaintiff shows that, upon information and belief, Defendant JPMorgan Chase Bank is currently in receipt of the funds at issue. However, Plaintiff is unaware of Defendant's JPMorgan Chase Bank intention regarding the disbursement of said funds or whether there is any type of agreement or duty between Defendants regarding the disbursement of said funds.

31.

Accordingly, Plaintiff shows that she is without any adequate remedy at law whatsoever to protect the funds at issue in order to guarantee their availability for disbursement after the final determination of this litigation is made.

32.

Plaintiff shows that an Order should immediately issue enjoining and restraining Defendant JPMorgan Chase Bank from disbursing the funds at issue, requiring JPMorgan Chase Bank to immediately render an accounting of the present whereabouts of said funds to Plaintiff and ordering JP Morgan Chase Bank to immediately pay the funds at issue into the registry of the

Court. Otherwise, Plaintiff shows that she will likely suffer irreparable injury in that Defendants will likely spend, exhaust, hide or waste the funds at issue before the Court can make a proper determination of the entitlement of said funds.

WHEREFORE, Plaintiff prays for the following relief:

(a) Summons and process issue and that Defendants be served as provided by law;

(b) Plaintiff be granted a jury trial on all issues;

(c) Plaintiff be awarded general, consequential, compensatory and/or special damages in an amount of not less than $25,000.00 jointly and severally against the Defendants named herein for the breach of contract;

(d) Plaintiff be awarded punitive damages in an amount of not less than $100,000.00, jointly and severally against the Defendants named herein;

(e) Plaintiff be awarded attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11 against all Defendants, jointly and severally;

(f) A temporary and permanent restraining order issue as set forth

in Count VI hereinabove;

(g) Judgment be entered in favor of Plaintiffs against Defendants, jointly and severally on all counts as set forth hereinabove;

(h) All costs of Court be cast against the Defendants; and

(i) The Court grant to Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted this 4th day of May, 2011

OXENDINE & SAULS, LLC.

_____
ULICE (TREY) SAULS III
Georgia Bar No. 100137
Attorney for Plaintiff

_____
JARROD H. OXENDINE
Georgia Bar No. 142313
Attorney for Plaintiff

1815 Satellite Blvd.
Suite 304
Duluth, GA 30097
770-497-8688