IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
MAY 05 2011
JAMES N. HATTEN, Clerk
By: Deputy Clerk

| | |
|---|---|
| JOI WATTS, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| | NO. 1:11-cv-1450-TCB |
| JOHN DOE and/or GEORGE REED, JPMORGAN CHASE BANK, and EBAY, INC., | |
| Defendants. | |

## ORDER

This matter is currently before the Court on Plaintiff Joi Watts's request for an ex parte temporary restraining order ("TRO") [2].

In her complaint, Watts alleges that on or about March 31, 2011, she used eBay.com to purchase a 2007 Lexus GS350 automobile from Defendant George Reed and/or John Doe. That same day, eBay sent her an email stating, "Congratulations, the vehicle is yours!" and directed her to "pay now to get your vehicle as soon as possible." Specifically, eBay instructed Watts to wire $10,150 ($10,000 for the vehicle and $150 for shipping) to eBay's trust account that is maintained and controlled by

Defendant JPMorgan Chase Bank. eBay also informed Watts that its "Motors Vehicle Protection program provides protection against certain losses associated with some types of fraud" and that Watts was "enrolled in the program when [she] complete[d] the purchase of this vehicle."

Pursuant to these instructions, on April 1 Watts initiated two wire transfers, each in the amount of $5,075, to JPMorgan Chase Bank along with two wire transfer fees totaling $50.

Watts never received the automobile, nor has she received reimbursement of the $10,200.

On May 4, Watts filed this action against John Doe and/or George Reed, JPMorgan Chase Bank, and eBay, asserting claims for breach of contract, unjust enrichment, fraud, punitive damages and attorneys' fees. Additionally, the complaint prays for issuance of an ex parte temporary restraining order as to all Defendants, with specificity as to JPMorgan Chase Bank, enjoining and restraining them from disbursing any portion of the $10,150 that she wired on April 1.

After careful review, the Court finds that Watts's request for an ex parte TRO should be denied for several reasons.

First, Watts has not filed a motion for a TRO. Instead, she has buried her request for the TRO in her complaint. This is not proper under the

Court's local rules. *See* L.R. 65.1 ("Whenever an attorney seeks an immediate order of the court, *the attorney must submit a motion* to the district judge . . . .") (emphasis added).

Second, Watts's complaint is not verified or supported by any evidence. Pursuant to Fed. R. Civ. P. 65(b)(1), a court may issue a TRO without notice only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." Watts's failure to support her ex parte TRO request with a verified complaint or an affidavit is fatal to the relief that she requests. *See Ferguson v. Aurora Loan Servs.*, No. CV410-174, 2010 WL 4286194, at *1 (S.D. Ga. Oct. 22, 2010) (noting that the "requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process") (citations omitted).

Third, it is manifestly apparent to the Court that Watts has an adequate remedy at law as to JPMorgan Chase Bank—against whom she has asserted *all* of her myriad claims. Without question, JP Morgan Chase Bank is of sufficient financial strength to satisfy any money judgment that may be entered against it.

3

Additionally, Watts is advised that the Court is skeptical that she has established diversity jurisdiction inasmuch as the principal amount of her claim is only $10,150. Although the Court recognizes that claims for punitive damages and attorneys' fees can be included when determining whether the $75,000 jurisdictional minimum has been met, it is doubtful that Watts can obtain a judgment in that amount considering the fact that the principal amount of her claim is only $10,150.

Finally, the Court also has concerns over its ability to exercise personal jurisdiction over Defendant John Doe and/or George Reed in light of case law holding that "a seller of an item on eBay, without further ties to a forum, is not subject to specific jurisdiction in that forum." *MacNeil v. Trambert*, 401 Ill. App. 3d 1077, 1082, 932 N.E.2d 441, 446-47 (2010); *see also Muir v. Assad*, No. 05-vs-079202, 2005 WL 3367697, at *1 (Ga. Super. Ct. Aug. 24, 2005) (Washington defendant who sold an automobile on eBay to a Georgia buyer could not be subject to personal jurisdiction in case involving claims that the automobile arrived to Georgia in worse condition than advertised).

For the above reasons, Watts's request for an ex parte TRO [2] is hereby DENIED.

IT IS SO ORDERED this 5th day of May, 2011.

_____
Timothy C. Batten, Sr.
United States District Judge